Slip Op. 18-41

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SEVERSTAL EXPORT GMBH, and SEVERSTAL EXPORT MIAMI CORPORATION,<br><br>                    Plaintiffs,<br><br>              v.<br><br>UNITED STATES, UNITED STATES CUSTOMS AND BORDER PROTECTION, COMMISSIONER KEVIN K. MCALEENAN, UNITED STATES DEPARTMENT OF COMMERCE, SECRETARY WILBUR L. ROSS, and PRESIDENT DONALD J. TRUMP,<br><br>                    Defendants. | Before: Jane A. Restani, Judge<br><br>Court No. 18-00057 |

**OPINION AND ORDER**

[Motions to intervene denied]

Dated: April 13, 2018

   Mark Lunn, David Wilson, and Sarah Hall, Thompson Hine LLP, of Washington, DC, for Plaintiffs Severstal Export GmbH and Severstal Export Miami Corp.

   Tara Hogan, Joshua Kurland, and Stephen Tosini, Commerical Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendants.

   Roger Schagrin, Schagrin Associates, of Washington, DC, for proposed Defendant-Intervenor Steel Dynamics, Inc.

   Alan Price, Christopher Weld, Joshua Turner, and Maureen Thorson, Wiley Rein LLP, of Washington, DC, for proposed Defendant-Intervenor Nucor Corporation.

Court No. 18-00057 Page 2

**Restani, Judge**: Nucor Corporation ("Nucor") and Steel Dynamics, Inc. ("SDI") filed separate motions to intervene. See Nucor's Amended Mot. to Intervene, ECF No. 25 ("Nucor Amend. Mot."); SDI's Amended Mot. to Intervene, ECF No. 33 ("SDI Amend. Mot.").[1] The court has jurisdiction over these motions pursuant to 28 U.S.C. § 1581(i), under which this action was initiated. The original versions of both motions did not include a separate pleading setting out the claims or defenses for which intervention was sought. Nucor's Mot. to Intervene, ECF No. 20; SDI's Mot. to Intervene, ECF No. 23. See U.S. Ct. Int. Trade Rule 24(c)(1). These were subsequently amended to include answers to plaintiffs' complaint. Answer of Proposed Defendant-Intervenor Nucor Corporation, ECF No. 26 ("Nucor Answer"); Answer of Applicant Defendant-Intervenor Steel Dynamics, Inc., ECF No. 34 ("SDI Answer"). Both Nucor and SDI's motions, including the amended versions, were filed within 30 days of the March 22, 2018, complaint. Complaint of Severstal Export GmbH and Severstal Export Miami Corp., ECF No. 5. Both motions are opposed by both plaintiffs and defendants. Nucor Amend. Mot. at 4; SDI Amend. Mot. at 4.

Nucor is the United States' largest domestic steel producer, with roughly 24,000 employees, Nucor Amend. Mot. at 2, and SDI is likewise a large domestic steel producer, with roughly 7,400 employees, SDI Amend. Mot. at 2. Both seek to intervene of right under U.S. Ct. Int. Trade Rule 24(a)(2).[2] Nucor Amend. Mot. at 2–3; SDI Amend. Mot. at 1. Nucor, in the

---

[1] The court previously denied these motions in regard to the preliminary injunction proceedings, via an oral order on March 29, 2018. See Order, ECF No. 37. This opinion concerns the disposition of these motions with regard to the remainder of this case.

[2] (a) <u>Intervention of Right</u>. On timely motion, the court must permit anyone to intervene who
   . . .
   (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or

Court No. 18-00057 Page 3

alternative, also seeks permissive intervention under U.S. Ct. Int. Trade Rule 24(b)(1)(B).[3] See Nucor Amend. Mot. at 3. See also 28 U.S.C. § 2631(j).

Both movants claim a similar interest in this case: that the tariff promulgated by Presidential Proclamations Nos. 9705 and 9711 be upheld, so that movants can enjoy the anticipated economic benefits. Nucor Amend. Mot. at 2–3; SDI Amend. Mot. at 2–3. See Proclamation No. 9705, 83 Fed. Reg. 11,625 (Mar. 8, 2018); Proclamation No. 9711, 83 Fed. Reg. 13,361 (Mar. 22, 2018) (collectively, the "Steel Tariff"). The only additional information which movants claim to be able to provide in support of this interest concerns the proprietary details of movants' steelmaking operations. SDI Amend. Mot. at 3. Given the narrow range of review in this matter, the court does not find that additional information about movants' steelmaking operations would materially aid in the resolution of questions of fact and law which are relevant to the disposition of this case.

Movants also refer to testimony, which they provided when Commerce was preparing its report under 19 U.S.C. § 1862, and which suggests that the steel industry is threatened and that its health is a matter of national security. See Nucor Amend. Mot. at 2; SDI Amend. Mot. at 2–3. This testimony, however, forms part of Commerce's report, which is already before the court.

---

       impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

U.S. Ct. Int. Trade Rule 24(a)(2).

[3] "(b) Permissive Intervention.
    (1) In General. On timely motion, the court may permit anyone to intervene who:
       . . .
       (B) has a claim or defense that shares with the main action a common question of law or fact.

U.S. Ct. Int. Trade Rule 24(b)(1)(B).

See Office of Tech. Evaluation, U.S. Dep't of Commerce, The Effect of Imports of Steel on the National Security: An Investigation Conducted Under Section 232 of the Trade Expansion Act of 1962, as Amended, at App'x F, p. 12–15, 142–43 (Jan. 11, 2018). As described below, furthermore, movants' legal arguments are indistinct from arguments already advanced by the government. The court thus concludes that existing defendants, particularly the U.S. Department of Commerce ("Commerce"), as author of the study and report which concluded that the U.S. steel industry is threatened and which underpins the challenged Steel Tariff, will adequately represent movants' interest in the economic benefits they expect to enjoy should the Steel Tariff remain in force.[4]

For similar reasons, and particularly taking into account that movants admit that both plaintiffs and defendants oppose these motions, the court concludes permissive intervention under Rule 24(b)(1)(B) is not warranted.[5] Considering the broad interests relied upon by Nucor, virtually any domestic steel producer could seek permissive intervention on similar grounds, which would unduly delay proceedings. See Vivitar Corp. v. United States, 585 F. Supp. 1415, 1419, 7 C.I.T. 165, 169 (1984) ("Because of the potential for a vast number of applications for

---

[4] To the extent movants claim an interest in preserving U.S. national security or the country's general economic welfare, see Nucor Amend. Mot. at 2–3; SDI Amend. Mot. at 2–3, the court finds it even less likely that defendants, whose duty it is to safeguard the same, would not adequately represent these interests. Movants have provided no reason for the court to conclude otherwise.

[5] To the extent SDI likewise sought permissive intervention, the following reasoning applies equally to any such application by SDI. Like Nucor, neither SDI's Amended Motion nor its Answer advanced arguments materially different from those already brought by defendants. See SDI Amend. Mot. at 1–4; SDI Answer at 8 ("This Court lacks jurisdiction over Plaintiffs' claims. Plaintiffs have failed to state a claim upon which relief can be granted. Plaintiffs lack standing. Plaintiffs' claims are not ripe. Plaintiffs' action is barred in whole or in part by the failure to exhaust administrative remedies.").

Court No. 18-00057                                                                                             Page 5

intervention by persons in the position of [movant], permitting intervention does not appear to be in the interest of judicial economy."). Nucor has furthermore not indicated it will make any arguments distinct from those of the government.[6]

      Nucor indicates that it intends to argue "that Plaintiffs' claims are unreviewable, that the challenged action — i.e., the President's Proclamation imposing a tariff on Plaintiffs' imports — is lawful, and that Defendants' implementation and enforcement of that tariff against Plaintiffs is also lawful." Nucor Amend. Mot. at 4. The government, however, has already advanced such arguments before the court. See Severstal Export, GmbH v. United States, Slip Op. 18-37, 2018 WL 1705298, at *7–*10 (Ct. Int'l Trade Apr. 5, 2018); Defendants' Motion to Dismiss and, in the Alternative, Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 30, at 14–43. Likewise, the admissions and denials contained in Nucor's Answer do not suggest an approach different from that of defendants. See generally Nucor Answer. As the court observed in Neo Solar Power Corp., "[a]lthough this defense and that of the government are the same, this defense belongs, in essence, to the government, not [the movant]." Neo Solar Power Corp. v. United States, Slip Op. 16-60, 2016 WL 3390237, at *2 (Ct. Int'l Trade June 17, 2016).

      Accordingly, whereas additional parties necessarily add time, effort, and expense to proceedings, see Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc., 51 F. Supp. 972, 973 (D. Mass. 1943), Nucor's participation will merely be duplicative. See 28 U.S.C. § 2631(j)(2) (requiring the court to consider whether intervention would "unduly delay or prejudice the adjudication of the rights of the original parties").

---

[6] As Nucor never filed a brief in support of its Motion to Intervene, the court looks to its Amended Motion and its Answer.

Court No. 18-00057                                                                                                    Page 6

For the reasons stated above, therefore, it is hereby

**ORDERED** that the Mot. to Amend SDI's Mot. to Intervene, ECF No. 33, is **GRANTED**.

**ORDERED** that SDI's Amended Mot. to Intervene, ECF No. 33, is **DENIED**.

**ORDERED** that Nucor's Amended Mot. to Intervene, ECF No. 25, is **DENIED**.

 

/s/ Jane A. Restani<br>Jane A. Restani, Judge

Dated: April 13, 2018
       New York, New York